UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD LEVON,

        Plaintiff,

v.

1. MARLBOROUGH ESTATES, LC,
2. F & M CONSTRUCTION, INC.,
3. MARLBORO DETROIT, LLC,
4. ROCHESTER ESTATES OF PINECREEK, LLC,
5. THE MATTEO FERRO LIVING TRUST,
6. MATTEO FERRO AS TRUSTEE OF THE MATTEO FERRO LIVING TRUST,
7. FORTZA INVESTMENTS, LLC,
8. MATTEO FERRO, Individually, and
9. FRANK FERRO, Individually,

        Defendants.

Hon. Nancy G. Edmunds
Mag. Judge Mark A. Randon
Case No. 2:11-cv-15663

---

Todd Levon
9680 Oakbrooke Lane
Apt. 11
Howell, MI 48843
(586) 222-7403

DICKINSON WRIGHT PLLC
K. Scott Hamilton (P44095)
D. Lee Khachaturian (P59966)
Attorneys for Defendants
Detroit, MI 48226
(313) 223-3500
khamilton@dickinsonwright.com
dkhachaturian@dickinsonwright.com

---

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE AN AMENDED COMPLAINT, PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, R. 15**

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

**Cases**

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009)

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007)

*Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327 (6th Cir. 2007)

*Gregory v. Shelby County*, 220 F.3d 433 (6th Cir. 2000)

*Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006)

*Miller v. Calhoun County*, 408 F.3d 803 (6th Cir. 2005)

**Statute**

28 U.S.C. § 1331

**Rules**

Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 15(a)

# QUESTION PRESENTED

1. Should Plaintiff be permitted to amend his Complaint when any amendment with respect to an ERISA claim would be futile?

## I. INTRODUCTION AND BACKGROUND

In December of 2011, Plaintiff Todd Levon ("Plaintiff") filed a Complaint against Defendants premised at least in part on Defendants' alleged failure to contribute funds to two Simplified Employee Pension plans ("SEP plans") he purportedly created, solely in his capacity as a "member" of Defendant Marlborough Estates, LC ("Marlborough") and shortly after he was released from prison. Among other things, Plaintiff alleged Defendants breached their fiduciary duties in connection with these purported plans in violation of the Employee Retirement Income Security Act ("ERISA").

In lieu of an answer, Defendants filed a motion to dismiss Plaintiff's Complaint. Plaintiff responded to that motion and contemporaneously filed a motion for leave to amend his Complaint. Plaintiff failed to present a proposed amended complaint in connection with his motion for leave to amend.

On April 11, 2012, after briefing was completed on Defendants' motion to dismiss and Plaintiff's motion to amend, Plaintiff filled out Form 5304-SIMPLE, entitled "Savings Incentive Match Plan for Employees of Small Employers (SIMPLE)—Not for Use With a Designated Financial Institution." **(Exhibit A**, 5304-SIMPLE). In filling out that form, Todd Levon purported to create a SIMPLE IRA plan on behalf of Marlborough, pursuant to which the employees of Marlborough may elect to have a portion of their compensation withheld and placed into a financial institution of their choice. Pursuant to the SIMPLE agreement, "No salary reduction election may apply to compensation that an employee received, or had a right to immediately receive, before execution of the salary reduction election." (Exhibit A, at 1, Art. II, ¶ c).

At the same time he created the SIMPLE IRA plan, Plaintiff filled out a form, pursuant to which he elected to have 25% of his salary or $14,000 withheld from his pay for each pay period and contributed to his SIMPLE IRA. On that form, Plaintiff indicated that he wanted his salary reduction contributions to start April 12, 2012. (Exhibit A, at 3).

On May 8, 2012, Plaintiff filed a second motion for leave to amend his Complaint and this time, submitted a proposed Amended Complaint.

At the May 10, 2012 hearing on Defendants' motion to dismiss and Plaintiff's first motion for leave to amend his Complaint, Plaintiff conceded that he did not have a claim under either one of the two SEP plans that were the subject of his initial Complaint. The Court gave Defendants until June 1, 2012 to respond to Plaintiff's second motion for leave to amend.

Plaintiff's proposed Amended Complaint alleges the breach of a contract he fails to attach to his proposed Amended Complaint, a "Quit Claim Deed and Warranty Deed and distribution Conspiracy," and breach of fiduciary duty under ERISA. Plaintiff's proposed ERISA claim is the sole basis for the Court's subject-matter jurisdiction (28 U.S.C. § 1331).

Plaintiff's motion should be denied because his proposed amendment with respect to an ERISA claim is futile, such that there is no basis for the Court's subject-matter jurisdiction over Plaintiff's state law claims.

## II. ARGUMENT

### A. Standard Of Review

While courts generally apply a liberal standard when considering requests for leave to amend, courts do not grant leave to amend if the amendment would be futile – that is, when it would not survive a motion to dismiss. *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006) ("A district court may deny a plaintiff leave to amend his or her complaint, however, when the

proposed amendment would be futile."); *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005) ("Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss.").

The standard applicable to a motion to dismiss was set forth in Defendants' motion to dismiss and is repeated here:

A motion under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a claim. *Mayer v. Mylad*, 988 F.2d 635, 638 (6th Cir. 1993); *Nishiyama v. Dickson County, Tenn.*, 814 F.2d 277, 279 (6th Cir. 1987). The Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded allegations of fact as true. *Scheur v. Rhodes*, 416 U.S. 232 (1974); *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997).

Although Fed. R. Civ. P. 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," the complaint must still give the defendant fair notice of the claim and the grounds upon which it is based, rather than alleging just "labels and conclusions," or giving a mere "recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65, (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice."). Put another way, a court "need not accept as true legal conclusions or unwarranted factual inferences." *Gregory v. Shelby County*, 220 F.3d 433, 466 (6th Cir. 2000); *Ashcroft v. Iqbal*, 129 S. Ct. at 1950. The United States Supreme Court has expressly outlined these limitations as follows:

> While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, . . . a plaintiff's obligations to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and *a formulaic recitation of the elements of a cause of action will not do*, see *Papasan v. Allain*, 478 U.S. 265, 286 . . . (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

3

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (emphasis added); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (quotations omitted)); *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Being *pro se* does not excuse Plaintiff's failure to plead facts necessary to state a claim. See, e.g., *Huggins v. Quality Loan Serv., Inc.*, 2011 U.S. Dist. LEXIS 12639 at *7 (D. Nev., Jan. 11, 2011) ("[a]lthough allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers, . . . sweeping conclusory allegations do not suffice"); *Wooding v. State Atty. Gen.*, 2010 U.S. Dist. LEXIS 130823 at *2-3 (S.D. Fla., Nov. 30, 2010) ("[d]espite the relaxed pleading standard afforded to *pro se* litigants," under *Twombly* "a 'plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions'") (quoting *Twombly*); *Mulero v. Conn. Bd. of Educ.*, 253 F.R.D. 33, 37 (D. Conn. 2008) (although a "court must construe '*pro se* pleadings broadly'. . ., 'bald assertions and conclusions of law will not suffice to state a claim'").

In short, a Rule 12(b)(6) motion to dismiss should be granted "if there is an absence of law to support a claim of the type alleged, if the facts alleged are insufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim." *Riverview Health Institute LLC v. Medical Mutual of Ohio*, 2008 WL 4449482 (Sept. 30, 2008, S.D. Ohio) (citing *Rauch v. Day & Night Mfg.*, 576 F.2d 697, 702 (6th Cir. 1978); *Brennan v. Rhodes*, 423 F.2d 706 (6th Cir. 1970)).

Finally, documents "'attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss.'" *Estate of Jerry Malloy, Deceased v. PNC Bank*, No. 11-

4

12922, 2012 U.S. Dist. LEXIS 7351, at *9 (E.D. Mich. January 23, 2012) (quoting *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007)). "'A court may also consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment.'" *Estate of Jerry Malloy, Deceased*, 2012 U.S. Dist. LEXIS 7351, at *10 (quoting *Commercial Money Ctr., Inc.*, 508 F.3d at 336). "In addition, documents not attached to the pleadings may still be considered part of the pleadings when the 'document is referred to in the complaint and is central to the plaintiff's claim.'" *Id.* (quoting *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999)).

### B. Plaintiff Has Not And Cannot Articulate A Claim In Connection With The SIMPLE IRA Plan He Purported To Create.

Plaintiff alleges that he is entitled to contributions into his SIMPLE IRA for distributions in 2011 and 2012. (Proposed Amended Complaint ¶ 81; *Id.* at 46 (Wherefore Clause)). Plaintiff's allegations fail to state a claim upon which relief may be granted.

The SIMPLE IRA plan Plaintiff purportedly created expressly states that no "salary reduction election may apply to compensation that an employee received, or had a right to immediately receive, ***before*** execution of the salary reduction election." (Exhibit A, at 1, Art. II, ¶ c (emphasis added)). As a result, any compensation Plaintiff received or was entitled to receive before April 12, 2012 – the date Plaintiff identified as the date on which salary reduction contributions must start – is not subject to Plaintiff's purported SIMPLE IRA plan and simply cannot form the basis for any ERISA claim. In other words, as a matter of law, Plaintiff is not entitled to a salary reduction pursuant to his SIMPLE IRA plan for any compensation allegedly due and owing in 2011, or for any compensation allegedly due and owing before April 12, 2012, the day after the SIMPLE IRA plan was created and the earliest date by which salary reduction contributions could begin.

5

Further, salary reductions under a SIMPLE IRA plan are triggered by the actual payment of compensation. (Exhibit A, at 4 ("a salary reduction agreement permits an eligible employee to make a salary reduction election *to have his or her compensation for each pay period reduced by a percentage*" (emphasis added))). That is, the contribution to the SIMPLE IRA comes out of payments actually *made* to Plaintiff, *after* Plaintiff has been paid.

Here, Plaintiff does not allege – because he cannot allege – that he actually has received compensation after April 12, 2012, such that that compensation might have been subject to a salary reduction election. As a result, there are no facts that might even arguably support a claim that Marlborough (the only employer identified on Form 5304-SIMPLE, the document that purportedly creates Plaintiff's SIMPLE IRA plan) has in any way violated its obligations under the SIMPLE IRA plan Plaintiff created on April 11, 2012, and there is no conceivable factual foundation for an ERISA breach of fiduciary duty claim.[1]

### C. Plaintiff Fails To Plead A Claim For Breach Of Fiduciary Duty Under ERISA.

Even if Plaintiff were entitled to a SIMPLE IRA contribution, however, Plaintiff's proposed Amended Complaint does not allege facts sufficient to state a claim for breach of fiduciary duty pursuant to ERISA, 29 U.S.C. § 1109 or § 1132.

Plaintiff's allegations in his proposed Amended Complaint relating to his breach of fiduciary duty claim are almost identical to those set forth in his Complaint. In particular, Plaintiff's proposed Amended Complaint baldly alleges that "[e]ach individual Defendant, MATTEO, FRANK, and DOMENICA is a fiduciary" and that each "exercised discretionary authority or control respecting management or disposition of the assets of the pension plans."

---

[1] As discussed in the next section, Plaintiff's proposed Amended Complaint never actually identifies what facts he relies on to support his ERISA breach of fiduciary duty claim.

6

(Proposed Amended Complaint ¶ 94). Based upon the proposed Amended Complaint and documents it references, Plaintiff attempted to create the "pension plan" himself from whole cloth on April 11, 2012, effective April 12, 2012; informed Defendants of it for the first time on April 19, 2012; and then demanded that they contribute to it. Plaintiff pleads no facts upon which to conclude that Defendants exercised any authority over the "plan" that Plaintiff unilaterally attempted to create.

Beyond that, Plaintiff simply alleges "labels and conclusions," without alleging any facts that would establish Plaintiff's entitlement to relief. That is precisely the kind of pleading deficiency that *Twombly* held would require dismissal under Fed. R. Civ. P. 12(b)(6). *Twombly*, 127 S.Ct. at 1965-65 (stating that plaintiff cannot just allege "labels and conclusions," and a "formulaic recitation of the elements of a cause of action will not do"); *Ass'n of Cleveland Firefighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (holding that to state a claim upon which relief can be granted, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true").

Courts routinely dismiss such baldly-pleaded breach of fiduciary duty claims under *Twombly's* standard. For example, *Sharp Electronics Corp. v. Metropolitan Life Ins. Co.*, 478 F. Supp. 2d 505 (7th Cir. 2009) noted that "[w]hile Rule 8(a)(2) does not require detailed factual allegations, the Supreme Court now requires it to include 'more than unadorned, the-defendant-unlawfully-harmed-me accusations.'" *Id.* at 512 (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (discussing *Twombly*, 550 U.S. at 555)). The court held that in attempting to state a claim for breach of fiduciary duty, "Sharp's complaint falls short . . . [because it] offers only the conclusionary statements that MetLife is a fiduciary, that Sharp is a plan beneficiary, that

7

MetLife breached its fiduciary duties to Sharp, that Sharp has suffered damage from that breach, and that MetLife must reimburse the Plan for its losses." *Id.* at 512.

The same is true of Plaintiff's allegations. Plaintiff simply makes the conclusionary allegation that Defendants are fiduciaries, that they breached fiduciary duties, and that Plaintiff is therefore entitled to relief. Like the complaint in *Sharp*, Plaintiff's proposed Amended Complaint "falls short . . . [because it] offers only" conclusory allegations.

Similarly, the court *New Jersey Carpenter's Fund v. Kullman Indust., Inc.*, 42 Employee Benefits Cas. 2442, 2007 WL 301 4660 (D. N.J. Oct. 12, 2007), dismissed the plaintiff's ERISA breach of fiduciary duty claim because "Plaintiff's factual allegations fail to set forth any basis on which the Court could conclude that [the defendant] breached a fiduciary duty, and Plaintiff's 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 127 S.Ct. at 1965).

Plaintiff's proposed Amended Complaint fails to set out any facts that state a breach of fiduciary duty claim under ERISA, and in fact, the proposed Amended Complaint and documents referenced in it make clear that ***Plaintiff*** attempted to create a plan, informed Defendants of it, and then demanded contribution to it. These facts are diametrically opposed to any allegation that Defendants exercised any fiduciary authority over Plaintiff's self-created plan.

Plaintiff's proposed ERISA breach of fiduciary duty claim constitutes a "formulaic recitation of the elements of a cause of action" that would be subject to dismissal under Fed R. Civ. P. 12(b)(6). As such, Plaintiff's attempt to amend his Complaint to assert this federal claim, and thereby invoke the Court's subject-matter jurisdiction, is futile, and his motion should be denied.

### III. CONCLUSION

For all the reasons set forth above, Defendants request that the Court (1) deny Plaintiff's motion for leave to amend in its entirety because Plaintiff's proposed Amended Complaint fails to state a federal cause of action that could give rise to the Court's subject-matter jurisdiction, and (2) dismiss Plaintiff's Complaint.

Respectfully Submitted,

DICKINSON WRIGHT PLLC

By: /s/ D. Lee Khachaturian
K. Scott Hamilton (P44095)
D. Lee Khachaturian (P59966)
Attorneys for Defendants
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
(313) 223-3500
khamilton@dickinsonwright.com
dkhachaturian@dickinsonwright.com

Dated: June 1, 2012

### Certificate of Service

I hereby certify that on June 1, 2012 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record. I also certify that on June 1, 2012 I have sent the foregoing paper via first class mail to Plaintiff.

/s/ D. Lee Khachaturian
D. Lee Khachaturian (P59966)
DICKINSON WRIGHT PLLC
Attorneys for Defendants
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
313-223-3500
dkhachaturian@dickinsonwright.com

DETROIT 51250-1 1248676v1

# **EXHIBIT A**

| Form **5304-SIMPLE** (Rev. September 2008) Department of the Treasury Internal Revenue Service | **Savings Incentive Match Plan for Employees of Small Employers (SIMPLE)—Not for Use With a Designated Financial Institution** | OMB No. 1545-1502 **Do not** file with the Internal Revenue Service |
|---|---|---|

_____ Marlborough Estates, LC _____ establishes the following SIMPLE
Name of Employer

IRA plan under section 408(p) of the Internal Revenue Code and pursuant to the instructions contained in this form.

### Article I—Employee Eligibility Requirements   (complete applicable box(es) and blanks—see instructions)

1. **General Eligibility Requirements.** The Employer agrees to permit salary reduction contributions to be made in each calendar year to the SIMPLE IRA established by each employee who meets the following requirements (select either 1a or 1b):
    a. ☒ **Full Eligibility.** All employees are eligible.
    b. ☐ **Limited Eligibility.** Eligibility is limited to employees who are described in both (i) and (ii) below:
        (i) **Current compensation.** Employees who are reasonably expected to receive at least $ _____ in compensation (not to exceed $5,000) for the calendar year.
        (ii) **Prior compensation.** Employees who have received at least $ _____ in compensation (not to exceed $5,000) during any _____ calendar year(s) (insert 0, 1, or 2) preceding the calendar year.

2. **Excludable Employees.**
    ☐ The Employer elects to exclude employees covered under a collective bargaining agreement for which retirement benefits were the subject of good faith bargaining. **Note:** *This box is deemed checked if the Employer maintains a qualified plan covering only such employees.*

### Article II—Salary Reduction Agreements   (complete the box and blank, if applicable—see instructions)

1. **Salary Reduction Election.** An eligible employee may make an election to have his or her compensation for each pay period reduced. The total amount of the reduction in the employee's compensation for a calendar year cannot exceed the applicable amount for that year.

2. **Timing of Salary Reduction Elections**
    a. For a calendar year, an eligible employee may make or modify a salary reduction election during the 60-day period immediately preceding January 1 of that year. However, for the year in which the employee becomes eligible to make salary reduction contributions, the period during which the employee may make or modify the election is a 60-day period that includes either the date the employee becomes eligible or the day before.
    b. In addition to the election periods in 2a, eligible employees may make salary reduction elections or modify prior elections _monthly_. If the Employer chooses this option, insert a period or periods (for example, semi-annually, quarterly, monthly, or daily) that will apply uniformly to all eligible employees.
    c. No salary reduction election may apply to compensation that an employee received, or had a right to immediately receive, before execution of the salary reduction election.
    d. An employee may terminate a salary reduction election at any time during the calendar year. ☐ If this box is checked, an employee who terminates a salary reduction election not in accordance with 2b may not resume salary reduction contributions during the calendar year.

### Article III—Contributions   (complete the blank, if applicable—see instructions)

1. **Salary Reduction Contributions.** The amount by which the employee agrees to reduce his or her compensation will be contributed by the Employer to the employee's SIMPLE IRA.

2a **Matching Contributions**
    (i) For each calendar year, the Employer will contribute a matching contribution to each eligible employee's SIMPLE IRA equal to the employee's salary reduction contributions up to a limit of 3% of the employee's compensation for the calendar year.
    (ii) The Employer may reduce the 3% limit for the calendar year in (i) only if:
        (1) The limit is not reduced below 1%; (2) The limit is not reduced for more than 2 calendar years during the 5-year period ending with the calendar year the reduction is effective; and (3) Each employee is notified of the reduced limit within a reasonable period of time before the employees' 60-day election period for the calendar year (described in Article II, item 2a).

b **Nonelective Contributions**
    (i) For any calendar year, instead of making matching contributions, the Employer may make nonelective contributions equal to 2% of compensation for the calendar year to the SIMPLE IRA of each eligible employee who has at least $ _____, (not more than $5,000) in compensation for the calendar year. No more than $230,000* in compensation can be taken into account in determining the nonelective contribution for each eligible employee.
    (ii) For any calendar year, the Employer may make 2% nonelective contributions instead of matching contributions only if:
        (1) Each eligible employee is notified that a 2% nonelective contribution will be made instead of a matching contribution; and
        (2) This notification is provided within a reasonable period of time before the employees' 60-day election period for the calendar year (described in Article II, item 2a).

3 **Time and Manner of Contributions**
    a. The Employer will make the salary reduction contributions (described in 1 above) for each eligible employee to the SIMPLE IRA established at the financial institution selected by that employee no later than 30 days after the end of the month in which the money is withheld from the employee's pay. See instructions.
    b. The Employer will make the matching or nonelective contributions (described in 2a and 2b above) for each eligible employee to the SIMPLE IRA established at the financial institution selected by that employee no later than the due date for filing the Employer's tax return, including extensions, for the taxable year that includes the last day of the calendar year for which the contributions are made.

*This is the amount for 2008. For later years, the limit may be increased for cost-of-living adjustments. The IRS announces the increase, if any, in a news release, in the Internal Revenue Bulletin, and on the IRS's internet website at **www.irs.gov**.

For Paperwork Reduction Act Notice, see page 6.        Cat. No. 23377W        Form **5304-SIMPLE** (Rev. 9-2008)

Form 5304-SIMPLE (Rev. 9-2008) Page **2**

### Article IV—Other Requirements and Provisions

1. **Contributions in General.** The Employer will make no contributions to the SIMPLE IRAs other than salary reduction contributions (described in Article III, item 1) and matching or nonelective contributions (described in Article III, items 2a and 2b).
2. **Vesting Requirements.** All contributions made under this SIMPLE IRA plan are fully vested and nonforfeitable.
3. **No Withdrawal Restrictions.** The Employer may not require the employee to retain any portion of the contributions in his or her SIMPLE IRA or otherwise impose any withdrawal restrictions.
4. **Selection of IRA Trustee.** The Employer must permit each eligible employee to select the financial institution that will serve as the trustee, custodian, or issuer of the SIMPLE IRA to which the Employer will make all contributions on behalf of that employee.
5. **Amendments To This SIMPLE IRA Plan.** This SIMPLE IRA plan may not be amended except to modify the entries inserted in the blanks or boxes provided in Articles I, II, III, VI, and VII.
6. **Effects Of Withdrawals and Rollovers**
   a. An amount withdrawn from the SIMPLE IRA is generally includible in gross income. However, a SIMPLE IRA balance may be rolled over or transferred on a tax-free basis to another IRA designed solely to hold funds under a SIMPLE IRA plan. In addition, an individual may roll over or transfer his or her SIMPLE IRA balance to any IRA or eligible retirement plan after a 2-year period has expired since the individual first participated in any SIMPLE IRA plan of the Employer. Any rollover or transfer must comply with the requirements under section 408.
   b. If an individual withdraws an amount from a SIMPLE IRA during the 2-year period beginning when the individual first participated in any SIMPLE IRA plan of the Employer and the amount is subject to the additional tax on early distributions under section 72(t), this additional tax is increased from 10% to 25%.

### Article V—Definitions

1. **Compensation**
   a. **General Definition of Compensation.** Compensation means the sum of the wages, tips, and other compensation from the Employer subject to federal income tax withholding (as described in section 6051(a)(3)), the amounts paid for domestic service in a private home, local college club, or local chapter of a college fraternity or sorority, and the employee's salary reduction contributions made under this plan, and, if applicable, elective deferrals under a section 401(k) plan, a SARSEP, or a section 403(b) annuity contract and compensation deferred under a section 457 plan required to be reported by the Employer on Form W-2 (as described in section 6051(a)(8)).
   b. **Compensation for Self-Employed Individuals.** For self-employed individuals, compensation means the net earnings from self-employment determined under section 1402(a), without regard to section 1402(c)(6), prior to subtracting any contributions made pursuant to this plan on behalf of the individual.
2. **Employee.** Employee means a common-law employee of the Employer. The term employee also includes a self-employed individual and a leased employee described in section 414(n) but does not include a nonresident alien who received no earned income from the Employer that constitutes income from sources within the United States.
3. **Eligible Employee.** An eligible employee means an employee who satisfies the conditions in Article I, item 1 and is not excluded under Article I, item 2.
4. **SIMPLE IRA.** A SIMPLE IRA is an individual retirement account described in section 408(a), or an individual retirement annuity described in section 408(b), to which the only contributions that can be made are contributions under a SIMPLE IRA plan and rollovers or transfers from another SIMPLE IRA.

### Article VI—Procedures for Withdrawal
*(The Employer will provide each employee with the procedures for withdrawals of contributions received by the financial institution selected by that employee, and that financial institution's name and address (by attaching that information or inserting it in the space below) unless:* **(1)** *that financial institution's procedures are unavailable, or* **(2)** *that financial institution provides the procedures directly to the employee. See* **Employee Notification** *on page 5.)*

### Article VII—Effective Date

This SIMPLE IRA plan is effective _April 11, 2012_. See instructions.

Name of Employer: _Marlborough Estates, LC_
Address of Employer: _9680 Oakbrooke Lane, Apt. 11_
_Howell, MI 48843_

By Signature: _[signed]_   Date: _April 11, 2012_
Name and title: _Todd Levon, Founder & Member_

Form **5304-SIMPLE** (Rev. 9-2008)

Form 5304-SIMPLE (Rev. 9-2008)                                                                                                    Page **3**

## Model Notification to Eligible Employees

### I. Opportunity to Participate in the SIMPLE IRA Plan
You are eligible to make salary reduction contributions to the __Marlborough Estates, LC__ SIMPLE IRA plan. This notice and the attached summary description provide you with information that you should consider before you decide whether to start, continue, or change your salary reduction agreement.

### II. Employer Contribution Election
For the __2012__ calendar year, the Employer elects to contribute to your SIMPLE IRA *(employer must select either (1), (2), or (3)):*

☐ (1) A matching contribution equal to your salary reduction contributions up to a limit of 3% of your compensation for the year;

☒ (2) A matching contribution equal to your salary reduction contributions up to a limit of __1__ % *(employer must insert a number from 1 to 3 and is subject to certain restrictions)* of your compensation for the year; or

☐ (3) A nonelective contribution equal to 2% of your compensation for the year (limited to $230,000*) if you are an employee who makes at least $ _____ *(employer must insert an amount that is $5,000 or less)* in compensation for the year.

### III. Administrative Procedures
To start or change your salary reduction contributions, you must complete the salary reduction agreement and return it to __Marlborough Estates, LC__ *(employer should designate a place or individual)* by __60-days__ *(employer should insert a date that is not less than 60 days after notice is given)*.

### IV. Employee Selection of Financial Institution
You must select the financial institution that will serve as the trustee, custodian, or issuer of your SIMPLE IRA and notify your Employer of your selection.

---

## Model Salary Reduction Agreement

### I. Salary Reduction Election
Subject to the requirements of the SIMPLE IRA plan of __Marlborough Estates, LC__ *(name of employer)* I authorize __25__ % or $ __14,000.__ (which equals __25__ % of my current rate of pay) to be withheld from my pay for each pay period and contributed to my SIMPLE IRA as a salary reduction contribution.

### II. Maximum Salary Reduction
I understand that the total amount of my salary reduction contributions in any calendar year cannot exceed the applicable amount for that year. See instructions.

### III. Date Salary Reduction Begins
I understand that my salary reduction contributions will start as soon as permitted under the SIMPLE IRA plan and as soon as administratively feasible or, if later, __April 12, 2012__. *(Fill in the date you want the salary reduction contributions to begin. The date must be after you sign this agreement.)*

### IV. Employee Selection of Financial Institution
I select the following financial institution to serve as the trustee, custodian, or issuer of my SIMPLE IRA.

__Chase Bank__
Name of financial institution

__611 Woodward Ave, Detroit MI 48226, 800.935.9935__
Address of financial institution

__Todd Levon, #500077189910__
SIMPLE IRA account name and number

I understand that I must establish a SIMPLE IRA to receive any contributions made on my behalf under this SIMPLE IRA plan. If the information regarding my SIMPLE IRA is incomplete when I first submit my salary reduction agreement, I realize that it must be completed by the date contributions must be made under the SIMPLE IRA plan. If I fail to update my agreement to provide this information by that date, I understand that my Employer may select a financial institution for my SIMPLE IRA.

### V. Duration of Election
This salary reduction agreement replaces any earlier agreement and will remain in effect as long as I remain an eligible employee under the SIMPLE IRA plan or until I provide my Employer with a request to end my salary reduction contributions or provide a new salary reduction agreement as permitted under this SIMPLE IRA plan.

Signature of employee __/s/__   Date __April 11, 2012__

\* This is the amount for 2008. For later years, the limit may be increased for cost-of-living adjustments. The IRS announces the increase, if any, in a news release, in the Internal Revenue Bulletin, and on the IRS website at **www.irs.gov**.

Form **5304-SIMPLE** (Rev. 9-2008)

Form 5304-SIMPLE (Rev. 9-2008) Page **4**

## General Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

### Purpose of Form

Form 5304-SIMPLE is a model Savings Incentive Match Plan for Employees of Small Employers (SIMPLE) plan document that an employer may use to establish a SIMPLE IRA plan described in section 408(p), under which each eligible employee is permitted to select the financial institution for his or her SIMPLE IRA.

These instructions are designed to assist in the establishment and administration of the SIMPLE IRA plan. They are not intended to supersede any provision in the SIMPLE IRA plan.

Do not file Form 5304-SIMPLE with the IRS. Instead, keep it with your records.

For more information, see Pub. 560, Retirement Plans for Small Business (SEP, SIMPLE, and Qualified Plans), and Pub. 590, Individual Retirement Arrangements (IRAs).

**Note.** If you used the March 2002 or August 2005 version of Form 5304-SIMPLE to establish a model Savings Incentive Match Plan, you are not required to use this version of the form.

### Which Employers May Establish and Maintain a SIMPLE IRA Plan?

To establish and maintain a SIMPLE IRA plan, you must meet both of the following requirements:

1. Last calendar year, you had no more than 100 employees (including self-employed individuals) who earned $5,000 or more in compensation from you during the year. If you have a SIMPLE IRA plan but later exceed this 100-employee limit, you will be treated as meeting the limit for the 2 years following the calendar year in which you last satisfied the limit.

2. You do not maintain during any part of the calendar year another qualified plan with respect to which contributions are made, or benefits are accrued, for service in the calendar year. For this purpose, a qualified plan (defined in section 219(g)(5)) includes a qualified pension plan, a profit-sharing plan, a stock bonus plan, a qualified annuity plan, a tax-sheltered annuity plan, and a simplified employee pension (SEP) plan. A qualified plan that only covers employees covered under a collective bargaining agreement for which retirement benefits were the subject of good faith bargaining is disregarded if these employees are excluded from participating in the SIMPLE IRA plan. If the failure to continue to satisfy the 100-employee limit or the one-plan rule described in 1 and 2 above is due to an acquisition or similar transaction involving your business, special rules apply. Consult your tax advisor to find out if you can still maintain the plan after the transaction.

Certain related employers (trades or businesses under common control) must be treated as a single employer for purposes of the SIMPLE IRA requirements. These are: (1) a controlled group of corporations under section 414(b); (2) a partnership or sole proprietorship under common control under section 414(c); or (3) an affiliated service group under section 414(m). In addition, if you have leased employees required to be treated as your own employees under the rules of section 414(n), then you must count all such leased employees for the requirements listed above.

### What Is a SIMPLE IRA Plan?

A SIMPLE IRA plan is a written arrangement that provides you and your employees with an easy way to make contributions to provide retirement income for your employees. Under a SIMPLE IRA plan, employees may choose whether to make salary reduction contributions to the SIMPLE IRA plan rather than receiving these amounts as part of their regular compensation. In addition, you will contribute matching or nonelective contributions on behalf of eligible employees (see *Employee Eligibility Requirements* below and *Contributions* on page 5). All contributions under this plan will be deposited into a SIMPLE individual retirement account or annuity established for each eligible employee with the financial institution selected by him or her.

### When To Use Form 5304-SIMPLE

A SIMPLE IRA plan may be established by using this Model Form or any other document that satisfies the statutory requirements.

Do not use Form 5304-SIMPLE if:

1. You want to require that all SIMPLE IRA plan contributions initially go to a financial institution designated by you. That is, you do not want to permit each of your eligible employees to choose a financial institution that will initially receive contributions. Instead, use Form 5305-SIMPLE, Savings Incentive Match Plan for Employees of Small Employers (SIMPLE)—for Use With a Designated Financial Institution;

2. You want employees who are nonresident aliens receiving no earned income from you that constitutes income from sources within the United States to be eligible under this plan; or

3. You want to establish a SIMPLE 401(k) plan.

### Completing Form 5304-SIMPLE

Pages 1 and 2 of Form 5304-SIMPLE contain the operative provisions of your SIMPLE IRA plan. This SIMPLE IRA plan is considered adopted when you have completed all applicable boxes and blanks and it has been executed by you.

The SIMPLE IRA plan is a legal document with important tax consequences for you and your employees. You may want to consult with your attorney or tax advisor before adopting this plan.

### Employee Eligibility Requirements (Article I)

Each year for which this SIMPLE IRA plan is effective, you must permit salary reduction contributions to be made by all of your employees who are reasonably expected to receive at least $5,000 in compensation from you during the year, and who received at least $5,000 in compensation from you in any 2 preceding years. However, you can expand the group of employees who are eligible to participate in the SIMPLE IRA plan by completing the options provided in Article I, items 1a and 1b. To choose full eligibility, check the box in Article I, item 1a. Alternatively, to choose limited eligibility, check the box in Article I, item 1b, and then insert "$5,000" or a lower compensation amount (including zero) and "2" or a lower number of years of service in the blanks in (i) and (ii) of Article I, item 1b.

In addition, you can exclude from participation those employees covered under a collective bargaining agreement for which retirement benefits were the subject of good faith bargaining. You may do this by checking the box in Article I, item 2. Under certain circumstances, these employees must be excluded. See *Which Employers May Establish and Maintain a SIMPLE IRA Plan?* above.

### Salary Reduction Agreements (Article II)

As indicated in Article II, item 1, a salary reduction agreement permits an eligible employee to make a salary reduction election to have his or her compensation for each pay period reduced by a percentage (expressed as a percentage or dollar amount). The total amount of

Form 5304-SIMPLE (Rev. 9-2008) Page **5**

the reduction in the employee's compensation cannot exceed the applicable amount for any calendar year. The applicable amount is $10,500 for 2008. After 2008, the $10,500 amount may be increased for cost-of-living adjustments. In the case of an eligible employee who is 50 or older by the end of the calendar year, the above limitation is increased by $2,500 for 2008. After 2008, the $2,500 amount may be increased for cost-of-living adjustments.

### Timing of Salary Reduction Elections

For any calendar year, an eligible employee may make or modify a salary reduction election during the 60-day period immediately preceding January 1 of that year. However, for the year in which the employee becomes eligible to make salary reduction contributions, the period during which the employee may make or modify the election is a 60-day period that includes either the date the employee becomes eligible or the day before.

You can extend the 60-day election periods to provide additional opportunities for eligible employees to make or modify salary reduction elections using the blank in Article II, item 2b. For example, you can provide that eligible employees may make new salary reduction elections or modify prior elections for any calendar quarter during the 30 days before that quarter.

You may use the *Model Salary Reduction Agreement* on page 3 to enable eligible employees to make or modify salary reduction elections.

Employees must be permitted to terminate their salary reduction elections at any time. They may resume salary reduction contributions for the year if permitted under Article II, item 2b. However, by checking the box in Article II, item 2d, you may prohibit an employee who terminates a salary reduction election outside the normal election cycle from resuming salary reduction contributions during the remainder of the calendar year.

### Contributions (Article III)

Only contributions described below may be made to this SIMPLE IRA plan. No additional contributions may be made.

### Salary Reduction Contributions

As indicated in Article III, item 1, salary reduction contributions consist of the amount by which the employee agrees to reduce his or her compensation. You must contribute the salary reduction contributions to the financial institution selected by each eligible employee.

### Matching Contributions

In general, you must contribute a matching contribution to each eligible employee's SIMPLE IRA equal to the employee's salary reduction contributions. This matching contribution cannot exceed 3% of the employee's compensation. See *Definition of Compensation,* below.

You may reduce this 3% limit to a lower percentage, but not lower than 1%. You cannot lower the 3% limit for more than 2 calendar years out of the 5-year period ending with the calendar year the reduction is effective.

**Note.** If any year in the 5-year period described above is a year before you first established any SIMPLE IRA plan, you will be treated as making a 3% matching contribution for that year for purposes of determining when you may reduce the employer matching contribution.

To elect this option, you must notify the employees of the reduced limit within a reasonable period of time before the applicable 60-day election periods for the year. See *Timing of Salary Reduction Elections* above.

### Nonelective Contributions

Instead of making a matching contribution, you may, for any year, make a nonelective contribution equal to 2% of compensation for each eligible employee who has at least $5,000 in compensation for the year. Nonelective contributions may not be based on more than $230,000* of compensation.

To elect to make nonelective contributions, you must notify employees within a reasonable period of time before the applicable 60-day election periods for such year. See *Timing of Salary Reduction Elections* above.

**Note.** Insert "$5,000" in Article III, item 2b(i) to impose the $5,000 compensation requirement. You may expand the group of employees who are eligible for nonelective contributions by inserting a compensation amount lower than $5,000.

### Effective Date (Article VII)

Insert in Article VII the date you want the provisions of the SIMPLE IRA plan to become effective. You must insert January 1 of the applicable year unless this is the first year for which you are adopting any SIMPLE IRA plan. If this is the first year for which you are adopting a SIMPLE IRA plan, you may insert any date between January 1 and October 1, inclusive of the applicable year.

## Additional Information

### Timing of Salary Reduction Contributions

The employer must make the salary reduction contributions to the financial institution selected by each eligible employee for his or her SIMPLE IRA no later than the 30th day of the month following the month in which the amounts would otherwise have been payable to the employee in cash.

The Department of Labor has indicated that most SIMPLE IRA plans are also subject to Title I of the Employee Retirement Income Security Act of 1974 (ERISA). Under Department of Labor regulations at 29 CFR 2510.3-102, salary reduction contributions must be made to each participant's SIMPLE IRA as of the earliest date on which those contributions can reasonably be segregated from the employer's general assets, but in no event later than the 30-day deadline described previously.

### Definition of Compensation

"Compensation" means the amount described in section 6051(a)(3) (wages, tips, and other compensation from the employer subject to federal income tax withholding under section 3401(a)), and amounts paid for domestic service in a private home, local college club, or local chapter of a college fraternity or sorority. Usually, this is the amount shown in box 1 of Form W-2, Wage and Tax Statement. For further information, see Pub. 15, Circular E, Employer's Tax Guide. Compensation also includes the salary reduction contributions made under this plan, and, if applicable, compensation deferred under a section 457 plan. In determining an employee's compensation for prior years, the employee's elective deferrals under a section 401(k) plan, a SARSEP, or a section 403(b) annuity contract are also included in the employee's compensation.

For self-employed individuals, compensation means the net earnings from self-employment determined under section 1402(a), without regard to section 1402(c)(6), prior to subtracting any contributions made pursuant to this SIMPLE IRA plan on behalf of the individual.

### Employee Notification

You must notify each eligible employee prior to the employee's 60-day election period described above that he or she can make or change salary reduction elections and select the financial institution that will serve as the trustee, custodian, or

---

*This is the amount for 2008. For later years, the limit may be increased for cost-of-living adjustments. The IRS announces the increase, if any, in a news release, in the Internal Revenue Bulletin, and on the IRS's website at **www.irs.gov** .

Form 5304-SIMPLE (Rev. 9-2008)     Page **6**

issuer of the employee's SIMPLE IRA. In this notification, you must indicate whether you will provide:

   1. A matching contribution equal to your employees' salary reduction contributions up to a limit of 3% of their compensation;

   2. A matching contribution equal to your employees' salary reduction contributions subject to a percentage limit that is between 1 and 3% of their compensation; or

   3. A nonelective contribution equal to 2% of your employees' compensation.

You can use the *Model Notification to Eligible Employees* on page 3 to satisfy these employee notification requirements for this SIMPLE IRA plan. A *Summary Description* must also be provided to eligible employees at this time. This summary description requirement may be satisfied by providing a completed copy of pages 1 and 2 of Form 5304-SIMPLE (including the information described in *Article VI—Procedures for Withdrawal*).

If you fail to provide the employee notification (including the summary description) described above, you will be liable for a penalty of $50 per day until the notification is provided. If you can show that the failure was due to reasonable cause, the penalty will not be imposed.

If the financial institution's name, address, or withdrawal procedures are not available at the time the employee must be given the summary description, you must provide the summary description without this information. In that case, you will have reasonable cause for not including this information in the summary description, but only if you ensure that it is provided to the employee as soon as administratively feasible.

## Reporting Requirements

You are not required to file any annual information returns for your SIMPLE IRA plan, such as Form 5500, Annual Return/Report of Employee Benefit Plan, or Form 5500-EZ, Annual Return of One-Participant (Owners and Their Spouses) Retirement Plan. However, you must report to the IRS which eligible employees are active participants in the SIMPLE IRA plan and the amount of your employees' salary reduction contributions to the SIMPLE IRA plan on Form W-2. These contributions are subject to social security, Medicare, railroad retirement, and federal unemployment tax.

## Deducting Contributions

Contributions to this SIMPLE IRA plan are deductible in your tax year containing the end of the calendar year for which the contributions are made.

Contributions will be treated as made for a particular tax year if they are made for that year and are made by the due date (including extensions) of your income tax return for that year.

## Summary Description

Each year the SIMPLE IRA plan is in effect, the financial institution for the SIMPLE IRA of each eligible employee must provide the employer the information described in section 408(l)(2)(B). This requirement may be satisfied by providing the employer a current copy of Form 5304-SIMPLE (including instructions) together with the financial institution's procedures for withdrawals from SIMPLE IRAs established at that financial institution, including the financial institution's name and address. The summary description must be received by the employer in sufficient time to comply with the *Employee Notification* requirements earlier.

There is a penalty of $50 per day imposed on the financial institution for each failure to provide the summary description described above. However, if the failure was due to reasonable cause, the penalty will not be imposed.

---

**Paperwork Reduction Act Notice.** You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete this form will vary depending on individual circumstances. The estimated average time is:

**Recordkeeping** ............. 3 hr., 38 min.
**Learning about the law or the form** ............. 2 hr., 26 min.
**Preparing the form** ................. 47 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making this form simpler, we would be happy to hear from you. You can write to the Internal Revenue Service, Tax Products Coordinating Committee, SE:W:CAR:MP:T:T:SP, 1111 Constitution Ave. NW, IR-6526, Washington, DC 20224. Do not send this form to this address. Instead, keep it with your records.