UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD LEVON,

      Plaintiff,                          CIVIL ACTION NO. 11-15663

      v.                                 DISTRICT JUDGE NANCY G. EDMUNDS

MARLBOROUGH ESTATES, LLC,      MAGISTRATE JUDGE MARK A. RANDON
F&M CONSTRUCTION, INC.,
MARLBORO DETROIT, LLC,
ROCHESTER ESTATES OF
PINECREEK, LLC, THE MATTEO FERRO
LIVING TRUST, MATTEO FERRO AS
TRUSTEE OF THE MATTEO FERRO
LIVING TRUST, FORTZA INVESTMENTS,
LLC, MATTEO FERRO and FRANK FERRO

      Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION TO DISMISS (DKT. 11), TO DENY, AS MOOT, PLAINTIFF'S
MOTION FOR 60 DAYS TO FILE AN AMENDED COMPLAINT (DKT. 15)
AND TO DENY PLAINTIFF'S MOTION FOR LEAVE TO AMEND (DKT. 20)**

**I.   INTRODUCTION**

      This is a case brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1002 *et seq*.).  Plaintiff Todd Levon ("Plaintiff") alleges, generally, that Defendants Marlborough Estates, LLC; F&M Construction, Inc.; Marlboro Detroit, LLC; Rochester Estates of Pinecreek, LLC; The Matteo Ferro Living Trust; Matteo Ferro, as Trustee of the Matteo Ferro Living Trust; Lortza Investments, LLC; Matteo Ferro; and Frank Ferro (collectively "Defendants") violated ERISA by failing to make distributions into a Simplified Employee Pension Individual Retirement Arrangement ("SEP IRA") that Plaintiff created on behalf of Defendant Marlborough Estates, LLC ("Marlborough Estates").  Plaintiff also brings

various state law claims, related to allegedly fraudulent real-estate transactions amongst Defendants.

This matter is before the Court on Defendants' motion to dismiss (Dkt. 11), Plaintiff's motion for 60 days to file an amended complaint (Dkt. 15) and Plaintiff's motion for leave to amend (Dkt. 20). Judge Nancy G. Edmunds referred all pre-trial proceedings to this Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) (Dkt. 10). The motions have been fully briefed (Dkts. 16, 17, 18, 21 and 22), and the Court heard oral argument on May 10, 2012 (on Defendants' motion to dismiss) and on June 28, 2012 (on Plaintiff's motion for leave to amend).

For the reasons indicated below, this Magistrate Judge finds that Plaintiff fails to state a viable ERISA claim against Defendants. Therefore, it is **RECOMMENDED** that Defendants' motion to dismiss be **GRANTED**, that Plaintiff's motion for 60 days to file amended complaint be **DENIED AS MOOT** (since Plaintiff subsequently filed a motion for leave to amend within 60 days), that Plaintiff's motion for leave to amend be **DENIED AS FUTILE** and that Plaintiff's ERISA claims be **DISMISSED WITH PREJUDICE**. Furthermore, the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, and such claims should be **DISMISSED, WITHOUT PREJUDICE**.

## II. BACKGROUND

The following facts are taken from Plaintiff's Complaint (Dkt. 1) and Plaintiff's proposed Amended Complaint (Dkt. 20). Plaintiff and Defendant Frank Ferro are members of Defendant Marlborough Estates, a Michigan limited liability company incorporated in 2001 (Dkt. 20; Amed. Compl. ¶ 2). Marlborough Estates develops residential real estate in the City of Detroit, and has been operating since 2001 (*Id.*). The crux of the dispute between the parties revolves

around Plaintiff's contention that Marlborough Estates and Frank Ferro owe Plaintiff distributions from Marlborough Estates. The case is in this Court because Plaintiff contends that a portion of those unpaid distributions should have been directed to a retirement plan that Plaintiff purportedly set up, on behalf of Marlborough Estates. Plaintiff alleges that Defendants violated ERISA by not making the retirement contributions he demanded (Dkt. 1).

The Court notes that Plaintiff performed no services for Marlborough Estates after 2003, because in 2003, Plaintiff was convicted of conspiring to manufacture 1,000 or more marijuana plants at various houses in Detroit and was sentenced to 120 months in federal prison, which he served in Milan, Michigan and Fort Dix, New Jersey. *See United States v. Levon*, 127 Fed. App'x. 865, 867 (6th Cir. 2005); *Levon v. Zickefoose*, Case No. 09–6515 (RBK), 2010 WL 3025135 (D.N.J., July 30, 2010).[1] Plaintiff's "release date [was] October 23, 2011," assuming that he received all available good conduct time. *Zickefoose* at * 6. In the final months of his sentence, Plaintiff was placed in a Residential Re-Entry Center or half-way house. *See Zickefoose* at * 12. During the time Plaintiff was in the half-way house, he attempted to create two Simplified Employee Pension plans ("SEP plans") in his capacity as a "member" of Marlborough Estates, by filling out two forms: 5305-SEP and 5305A-SEP (Dkt. 1; Compl. ¶ 19).

---

[1] Federal Rule of Civil Procedure 12(d) provides that a motion pursuant to Rule 12(b)(6) must be treated as one for summary judgment under Rule 56 if matters outside the pleadings are considered. However, a court may consider "(1) any document attached to, incorporated by, or referred to in the pleadings; (2) documents attached to the motion to dismiss that are referred to in the complaint and are central to the plaintiff's allegations even if not explicitly incorporated by reference; (3) public records; and (4) matters of which the court may take judicial notice" without converting a Rule 12(b)(6) motion into a Rule 56 motion. *Dobrksi v. Ford Motor Co.*, No. 09–063, 698 F.Supp.2d 966, 974 (N.D. Ohio 2010). This Court is permitted to take judicial notice of Plaintiff's prior criminal conviction. *See Price v. Third Circuit Court Criminal Div.*, Case No. 11-11325, 2011 WL 2600637 n.1 (E.D. Mich., June 30, 2011).

On September 29, 2011, Plaintiff filled out a Form 5305-SEP, entitled "Simplified Employee Pension – Individual Retirement Accounts Contribution Agreement," which is the form an employer fills out to create a SEP plan (Dkt. 11; Ex. D, Simplified Employee Pension-- Individual Retirement Accounts Contribution Agreement).  The next day, September 30, 2011, Plaintiff established an IRA account for himself with JPMorgan Chase Bank, N.A. (Dkt. 11; Ex. E, Traditional IRA Adoption Agreement).  On October 1, 2011, Plaintiff filled out a Form 5305A-SEP, entitled "Salary Reduction Simplified Employee Pension – Individual Retirement Accounts Contribution Agreement," which is the form employers used *before 1996* to create "SARSEP plans" (Dkt. 11; Ex. F, Salary Reduction Simplified Employee Pension – Individual Retirement Accounts Contribution Agreement).  That same day, Plaintiff informed Marlborough Estates that he had set up the SEP plan and the IRA account, and demanded from Marlborough Estates a $200,000 distribution and a $49,000 SEP contribution (Dkt. 11; Ex. G).

On December 28, 2011, Plaintiff filed a *pro se* Complaint alleging that Defendants Frank Ferro, Marlborough Estates, and multiple additional, seemingly unrelated, Defendants owe him $200,000 in "distributions," $49,000 of which should be contributed to the SEP IRA that Plaintiff attempted to create in September/October 2011 (Dkt. 1, ¶¶ 20-22).  The other Defendants are F & M Construction, Inc.; Marlboro Detroit, LLC; Rochester Estates of Pinecreek, LLC; and Fortza Investments, LLC.  Plaintiff does not allege that any of these Defendants employed him, nor does Plaintiff allege that these Defendants were members of Marlborough Estates or that these Defendants had any relation to the retirement plans that Plaintiff allegedly created.

Plaintiff also sued The Matteo Ferro Living Trust (Matteo Ferro is Frank Ferro's father), Matteo Ferro as Trustee of the Matteo Ferro Living Trust, and Matteo Ferro, individually.  The Complaint does not allege that these Defendants employed Plaintiff, or had any involvement with the alleged SEP or SARSEP plan.  In fact, Plaintiff alleged only that Marlborough Estates was a signatory (solely through Plaintiff) to the SEP and SARSEP plans at issue, and that Marlborough Estates is required to make contributions to the SEP and/or SARSEP plan that he attempted to create on September 29 and October 1, 2011 (Dkt. 1 ¶¶ 19-20).  Thus, Plaintiff's claims against Defendants other than Marlborough Estates and Frank Ferro appear to involve purely state law claims (*i.e.*, claims relating to alleged fraudulent transfers of real estate amongst Defendants).  On January 27, 2012, Defendants responded to Plaintiff's Complaint by filing a motion to dismiss (Dkt. 11).

On March 13, 2012, after Defendants filed their motion to dismiss the Complaint, Plaintiff filed a "request for 60 days to file an amended complaint" (Dkt. 15).  Then, after briefing was complete on Defendants' motion to dismiss and two days before oral argument was held on that motion, Plaintiff filed a motion for leave to file an amended complaint with a proposed Amended Complaint attached (Dkt. 20).  In his proposed Amended Complaint, Plaintiff raises new arguments based on a form that he filled out on April 11, 2012, entitled "Savings Incentive Match Plan for Employees of Small Employers (SIMPLE)-Not for Use With a Designated Financial Institution." (Dkt. 20-2 at 3-8 CM/ECF pagination, 5304-SIMPLE form).  In filling out this form, Plaintiff purported to create a "SIMPLE IRA" plan on behalf of Marlborough Estates, pursuant to which the employees of Marlborough Estates may elect to have a portion of their compensation withheld and placed into a financial institution of their choice.

At the same time he created the SIMPLE IRA plan, Plaintiff elected to have 25% of his salary – or $14,000 – withheld from his pay for each pay period and contributed to his SIMPLE IRA. On the 5304-SIMPLE form, Plaintiff indicated that he wanted his salary reduction contributions to start April 12, 2012.

In his motion for leave to amend, Plaintiff conceded that he has no valid ERISA claim based upon the 5305-SEP and 5305A-SEP forms he filled out on in September/October 2011 (Dkt. 20 ¶ 5). Thus, the only ERISA claim Plaintiff is continuing to pursue involves the 5304-SIMPLE form that Plaintiff completed on April 11, 2012.

### III. ANALYSIS

#### A. Standard For Motion To Dismiss

Fed. R. Civ. P. 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. As the Supreme Court has recently made clear, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007)).

A court may consider a document that is not formally incorporated by reference or attached to a complaint if the document(s) is referred to in the complaint and is central to the plaintiff's claim. *See Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999). The Court's consideration of the document(s) does not require conversion of the motion to one for summary judgment. *Id.* A court may also consider "matters of public record" when

considering a motion to dismiss under Rule 12(b)(6). *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

Complaints drafted by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers and will be liberally construed in determining whether the complaint fails to state a claim upon which relief could be granted. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), nor may courts construct Plaintiff's legal arguments for him. *See Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). In other words, a court's duty to liberally construe a *pro se* complaint "does not require [the court] to conjure up unpled allegations, or to create a claim for a plaintiff. To command otherwise would require the Court 'to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985); *Armstead v. Bush*, No. 305CV274H, 2005 WL 1503556, at *2 (W.D.Ky. Jun.23, 2005) (internal citations and quotation marks omitted); accord *Watson v. United Bank and Trust*, No. 12-10040, 2012 WL 1606057 (E.D.Mich. April 10, 2012) adopted by 2012 WL 1606073 (E.D. Mich. May 08, 2012).

### B. Standard For Leave To Amend

Pursuant to Fed. R. Civ. P. 15(a)(2), a party may amend its pleading by leave of the court and the court "should freely give leave when justice so requires." However, the grant of leave to amend is not a foregone conclusion. Appropriate factors to consider in determining whether to

permit an amendment include: "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and the futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). Amendment is futile when it is subject to dismissal under Fed. R. Civ. P. 12(b)(6), that is, when it fails to state a claim on which relief may be granted. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420–21 (6th Cir. 2000); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 307 (6th Cir. 2000).

### C.  ERISA

Congress enacted ERISA in 1974 after studying the nation's private pension and other benefit plans for almost a decade. *See Rankin v. Rots*, 278 F.Supp.2d 853, 869 (E.D. Mich. 2003) (quoting *Central States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.*, 472 U.S. 559, 569 (1985)). Congress sought to assure the financial soundness and equitable character of employee benefit plans. *Id.* To that end, ERISA requires plans to name fiduciaries, to whom strict and detailed duties and obligations are assigned. *Id.* at 870. ERISA requires benefit plans to "provide for one or more named fiduciaries who jointly or severally shall have authority to control and manage the operations and administration of the plan." 29 U.S.C. § 1102(a)(1).

As noted above, Plaintiff's only ERISA claim involves the 5304-SIMPLE form he filled out in April 2012. However, this form does not provide the basis of a viable ERISA claim against any Defendant. Pursuant to the express language of the 5304-SIMPLE form, "No salary reduction election may apply to compensation that an employee received, or had a right to immediately receive, before execution of the salary reduction election" (Dkt. 20-2 at 3-8 CM/ECF Pagination, Art. II, ¶ c). As a result, any compensation Plaintiff received or was

entitled to receive before April 12, 2012 – the date Plaintiff identified as the date on which salary reduction contributions must start – is not subject to Plaintiff's purported SIMPLE IRA plan and cannot form the basis for any ERISA claim. In other words, Plaintiff is not entitled to a salary reduction pursuant to his SIMPLE IRA plan for any compensation allegedly due and owing before April 12, 2012, the day after the SIMPLE IRA plan was created and the earliest date by which salary reduction contributions could feasibly begin.

Plaintiff's ERISA claim is based upon a novel interpretation of ERISA. Plaintiff created the SIMPLE IRA – on behalf of Marlborough Estates, in his capacity as "founder and member" – and then claimed that Defendants violated ERISA by not diverting money into this retirement account. Plaintiff alleges that this constitutes an ERISA violation, even though Defendants paid no monies to Plaintiff after the creation of the plan.[2] Essentially, Plaintiff's ERISA claim puts the cart before the horse. He wants the Court to find an ERISA violation for a purported failure to deposit money into a retirement plan, when no money was paid to Plaintiff in the first place. Plaintiff cites no case law for an ERISA violation in such a situation, nor is this Magistrate Judge aware of any. In other words, there must first be a finding that Defendants (Marlborough Estates, in particular) owes Plaintiff some "distribution" or salary – which is then paid to Plaintiff *after* he set up the retirement plan at issue – before there can be a finding of an ERISA violation.

Furthermore, Plaintiff's Amended Complaint also attempts to plead a breach of fiduciary duty under ERISA, but does so in only the most conclusory terms. In order to state a claim for

---

[2] Plaintiff's response brief cites to "IRS Codes" (Dkt. 16 ¶ 20) for the proposition that a retirement plan can be "corrected" to remedy a plan failure. Plaintiff is apparently referring to his April 2012 attempt to create a "5305-SEP" plan, which he claims "corrects" his failure to use the proper forms in September/October 2011. However, it is undisputed that Defendant Marlborough Estates paid Plaintiff no compensation after he stopped providing services to Marlborough Estates in 2003. Thus, his "correction" does not impact the recommended outcome.

breach of a fiduciary duty under ERISA, Plaintiff must allege that Defendants were a fiduciaries who breached a duty while acting in the capacity as a plan fiduciary. *See In re Huntington Bancshares Inc. ERISA Litig.*, 620 F.Supp.2d 842, 849 (S.D. Ohio 2009). "The threshold question in all cases charging breach of ERISA fiduciary duty is whether the defendant was 'acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint.'" *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 552 (6th Cir. 2012) (quoting *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000)). "For purposes of ERISA, a fiduciary not only includes persons specifically named as fiduciaries by the benefit plan, but also anyone else who exercises discretionary control or authority over a plan's management, administration, or assets." *Id.* (internal quotation marks and alterations omitted).

Plaintiff's proposed Amended Complaint fails to set out any facts that state a breach of fiduciary duty claim under ERISA and, in fact, the proposed Amended Complaint and documents attached to it make clear that *Plaintiff* attempted to create a retirement plan, informed Defendants of it, and then demanded contribution to it. These facts simply do not state a viable ERISA claim that Defendants exercised any fiduciary authority over Plaintiff's self-created plan. In sum, Plaintiff's attempt to amend his Complaint to assert a viable ERISA claim is futile, and his motion for leave to amend should be denied.

### D. The Court Should Decline To Exercise Supplemental Jurisdiction Over Plaintiff's Remaining State Law Claims

Having found that Plaintiff fails to state a viable claim under ERISA, this Court now must review Plaintiff's claims to determine whether this Court has jurisdiction over the remainder of Plaintiff's Complaint. Plaintiff conceded during oral argument that his ERISA

claims were the only federal claims raised in the proposed Amended Complaint. "'Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute ... which is not to be expanded by judicial decree.'" *Freeland v. Liberty Mut. Life Ins. Co.*, 632 F.3d 250, 255 (6th Cir. 2011) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994)). Pursuant to this authority, federal courts have the power to adjudicate claims "arising under the Constitution, laws, or treaties of the United States" or where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332; *see also* U.S. Const. art. III, § 2. There is no allegation in either the Complaint or the proposed Amended Complaint that the parties' citizenship is diverse. Indeed, it appears that Plaintiff is a Michigan resident and all Defendants are either Michigan limited liability companies or individuals residing in Michigan. Thus, only federal question jurisdiction remains.

Pursuant to 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." Indeed, "if the federal claims are dismissed before trial ... the state claims should be dismissed as well." *Taylor v. First of America Bank–Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 210 (6th Cir. 2004) (same). Since this Magistrate Judge recommends that Plaintiff's ERISA claim – which is Plaintiff's only federal claim – fails as a matter of law, it is further recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining claims, and dismiss these state law claims without

prejudice; Plaintiff may file any state-law claims he may have against Defendants in the appropriate state forum.

### IV.  CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that Defendants' motion to dismiss be **GRANTED**, that Plaintiff's motion for 60 days to file an amended complaint be **DENIED AS MOOT**, that Plaintiff's motion for leave to amend be **DENIED AS FUTILE**, that Plaintiff's ERISA claim be **DISMISSED WITH PREJUDICE**, and that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims, and that any such claims be **DISMISSED WITHOUT PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                                                s/Mark A. Randon  
                                                MARK A. RANDON  
                                                UNITED STATES MAGISTRATE JUDGE  

Dated: July 18, 2012

*Certificate of Service*

    *I hereby certify that a copy of the foregoing document was served on the parties of record on this date, July 18, 2012, by electronic and/or first class U.S. mail.*

                                              *s/Melody Miles*  
                                              *Case Manager to Magistrate Judge Mark A. Randon*  
                                              *(313) 234-5540*